ALLIE HEWITT and others *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

May 26, 1886.

Relocation of Railway—Eminent Domain.—Laws 1857, Ex. Sess. c. 1, *subc.* 1, §§ 2, 3, authorized the railroad company created by it to change the location of its line after it should have been located and constructed, and to exercise the power of eminent domain to obtain land for the right of way as so located. Sp. Laws 1862, c. 20, did not affect such authority.

The plaintiffs brought this action in the district court for Ramsey county, to obtain possession of a strip of land 150 feet wide, occupied

and used by the defendant as right of way.   The action was tried by *Simons*, J., without a jury.   Among other facts the court found that in 1862 the railroad of the St. Paul & Pacific Railroad Co., to whose rights the defendant has succeeded, was located and constructed about 350 feet south of the land in controversy, upon land acquired by purchase, and the railroad so constructed is still maintained and used by the defendant.   In 1880, the defendant located and constructed its railway across the land in question, in order to straighten and improve its line between St. Paul and Minneapolis, and at the same time prosecuted and completed condemnation proceedings in regular form for the taking of the land in question.   The plaintiffs in this action, who were owners of the land taken, appeared in and contested these condemnation proceedings.   The plaintiffs appeal from a judgment ordered and entered in favor of defendant.

*J. M. Gilman*, for appellants.

*R. B. Galusha* and *J. Kling*, for respondent.

GILFILLAN, C. J.   In section 2 of the charter under which this company claims, (Laws 1857, Ex. Sess. *c.* 1, *subc.* 1,) the corporation created is authorized and empowered "to survey, locate, construct, complete, alter, change the location of, reconstruct, maintain, and operate a railroad, with one or more tracks or lines of rails, on such route, and with such alignment and graduation as said company shall think proper," between the points designated.   Section 3 authorizes it to "appropriate to its sole use and control, for the purposes contemplated herein, land not exceeding two hundred feet in width, throughout the entire length of its said railroads."   "Lands owned or belonging to any person, company, or corporation may be taken and appropriated for the purposes aforesaid, and shall be valued and paid for in the manner hereinafter provided."   Section 13 provides how the amount to be paid for land appropriated shall be ascertained and paid.

Here is an ample grant of power to exercise the right of eminent domain to acquire a right of way, not only for the purpose of originally locating its line, but for the purpose as well of altering and changing the location of its line.   In the clauses giving authority to take land for the "purposes contemplated herein," and making provision for pay-

ing for land "taken and appropriated for the purpose aforesaid," the word "purposes" includes as well the altering, changing, relocating, and reconstructing its line, as the first locating, constructing, and completing it; so that the power granted to exercise the right of eminent domain was not exhausted by the original location ·of the line, and it might be again employed for the purpose of relocating it, and for the acquiring to that end of a right of way of the width specified.

The plaintiff claims that by Sp. Laws 1862, c. 20, the time to construct and put in operation the defendant's road from St. Paul to St. Anthony was limited to January 1, 1863, and that a railroad company cannot condemn land for its use after the time for constructing its line has expired. Of course a company whose authority to build a railroad has ceased cannot condemn land for the purpose of building it; but the act of 1862, specifying the times within which specified portions of the road shall be built, relates only to the first or original locating and constructing it. It does not place any limit of time, nor does any act to which we have been referred, within which the right to relocate and reconstruct it, after it has been once located and constructed, shall be exercised; nor is any limit put as to place in relocating, the company being confined, of course, to the general route prescribed in its charter.

It is conceded, and it could not well be denied, that if the defendant had authority to relocate its line, and to condemn a strip of land 150 feet wide for the purpose, the district court got jurisdiction of the proceedings to condemn; and that, by virtue of those proceedings, the title to the land in question vested in the defendant. As we have seen, it had that authority, and that would seem to dispose of this appeal. If, having relocated its line, the company still holds on to the original right of way, and so has more land in width than its charter authorizes it to hold for the purpose, that is matter between it and the state, or if the original right of way was acquired by condemnation, perhaps between it and those from whom the land was taken for the first location. It is no concern of plaintiffs.

Judgment affirmed.